UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEWITT D. BROWN,

        Petitioner,

v.

        Case No. 20-cv-682-pp

STATE OF WISCONSIN,

        Respondent.

---

**ORDER REQUIRING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

---

On May 1, 2020, the petitioner, a person incarcerated at Jackson Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his state revocation proceedings. Dkt. No. 1. With his petition, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. The court will require the petitioner to file an amended petition.

**I.    Rule 4 Screening**

    A.    <u>Standard</u>

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Rule 4 of the Rules Governing §2254 proceedings provides:

1

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

B. Analysis

A "state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). If a person is in state custody because of a state court judgment and wants to challenge that custody, the person must do so under 28 U.S.C. §2254, not 28 U.S.C. §2241. Walker, 216 F.3d at 633 ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody . . . ."). See also, Barnes v. Baldwin, No. 19-cv-00635-SMY, 2019 WL 3975176 (S.D. Ill. 2019) (dismissing state prisoner's challenge to his state criminal conviction because it was improperly brought under §2241, rather than §2254). The court has checked the Wisconsin Department

of Corrections' web site, and the petitioner is in state custody. https://appsdoc.wi.gov/lop/searchbasic.do (last visited May 7, 2021).

Section 2241 is the "general federal habeas corpus statute." Chazen v. Marske, 938 F.3d 851, 856 (7th Cir. 2019). Members of the armed forces who are seeking federal civil review of court-martial convictions may do so under §2241. Clinton v. Goldsmith, 526 U.S. 529, 537 n.11 (1999). An illegal alien who is challenging the duration of detention pending removal or deportation may use §2241 to do so. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). A person who is in custody "on some authority other than a state-court judgment" may use §2241 to seek release. See, *e.g.*, Barnes, 2019 WL 3975176, at *2. A federal prisoner may use §2241 to challenge a conviction or sentence if the remedy under §2255 is "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. §2255(e). "The appropriate vehicle for a state pre-trial detainee to challenge his detention is [28 U.S.C.] § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015).

In the "SUBJECT OF THIS APPLICATION" section of his §2241 petition, the petitioner marked both "Revocation/calculation of good time credits" and "Other-Extended Supervision Revocation." Dkt. No. 1 at 2. The petition identifies December 10, 2019 as the "Date of decision or action." Id. The petitioner states that at his first hearing, Kristine Kerig "revoked [him] and gave [him] 4 years for allegations with no new case." Id. at 3. In the portions marked "Second Hearing" and "Future Hearings," the petitioner wrote "N/A." Id. The petition alleges four grounds for relief: (1) ineffective assistance of counsel, (2)

newly discovered evidence, (3) a due process violation, and (4) a violation of the petitioner's rights under the Confrontation Clause. Id. at 10-12.

The court does not have enough information to screen the petition (as it must do under Rule 4). Almost a year has since passed since the petitioner filed the §2241 petition. The petition does not identify case numbers for the case or cases in which the petitioner was revoked. The court does not know whether the petitioner is challenging the fact that his extended supervision was revoked or the calculation of good time credits. The court does not know whether revocation proceedings are still ongoing, whether the petitioner had exhausted his administrative remedies or whether the petitioner is in custody under a state-court judgment of conviction. The court will require the petitioner to file an amended petition. If the petitioner means to challenge his confinement following the revocation of his extended supervision under a state-court judgment of conviction—and he has exhausted his state remedies—he should do so under 28 U.S.C. §2254, not §2241. The court will provide a §2254 form with this order. If the petitioner believes that §2241 is the proper vehicle for his claims, he must provide the court with more information, including a copy of the decision he seeks to challenge and any decisions resulting from appeals of that decision. The court will also provide a blank §2241 form.

II.     **Conclusion**

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court provides with this order. The petitioner must file the amended petition in time for the court to

4

*receive* it by the end of the day on **July 16, 2021**. If the court does not receive the amended petition by the end of the day on **July 16, 2021**, the court will dismiss the petition on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 11th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**