DEWITT D. BROWN,

        Petitioner,

                                                                                                                          Case No. 20-cv-682-pp

    v.

STATE OF WISCONSIN,

        Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITHOUT PREJUDICE**

On May 1, 2020, the petitioner, who is incarcerated at Jackson Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his state revocation proceedings. Dkt. No. 1. On May 11, 2021, the court began to screen the petition. Dkt. No. 8 at 1. The court concluded, however, that it could not complete the screening because it could not determine whether the petitioner meant to challenge the revocation of his extended supervision or the calculation of his good time credits, whether the revocation proceedings remained ongoing, whether the petitioner had exhausted his administrative remedies or whether the petitioner remained in custody under a state-court judgment. Id. at 4. The court ordered "that if the petitioner wishe[d] to proceed with this case, he must file an amended petition on the form the court provide[d] with this order," and that the petitioner "must file the amended

1

petition in time for the court to *receive* it by the end of the day on **July 16, 2021**." Id. at 4-5. The court clarified that if it did not receive the amended petition by that deadline, "the court [would] dismiss the petition on the next business day without further notice or hearing." Id. at 5.

As of July 20, 2021, the court has not received an amended petition. The court will dismiss the petition and the case. The dismissal will be without prejudice, meaning that the petitioner can refile his petition subject to the relevant statute of limitations.

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed without prejudice for lack of prosecution.

The court **DISMISSES** the petition for writ of *habeas corpus* filed by the petitioner under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of July, 2021.

BY THE COURT:

*(signature)*

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:20-cv-00682-PP   Filed 07/20/21   Page 3 of 3   Document 9